UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUANITA GREY

CASE No. 8:13-CV-1492-T-33TGW

v.

JEFFREY H. WILLIS,
WILLIS LAW FIRM

REPORT AND RECOMMENDATION

The plaintiff has filed an affidavit of indigency pursuant to 28 U.S.C. 1915, seeking a waiver of the filing fee for her complaint (Doc. 7). She has filed a statement, which is docketed as an amended complaint, alleging defamation of character and possibly legal malpractice (Doc. 6).

The plaintiff's original complaint and motion to proceed *in forma pauperis* were denied without prejudice because, among other deficiencies, the plaintiff failed to include allegations showing this court has jurisdiction over her claims (Docs. 3, 5). The plaintiff's amended complaint is deficient in the same manner as her original complaint.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit

that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that she is entitled to redress. Even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

The plaintiff's amended complaint is patently deficient because it fails to comply with the Federal Rules of Civil Procedure. See McNeil v. United States, 508 U.S. 106 (1993)(pro se litigants must comply with procedural rules that govern pleadings). Specifically, Rule 8(a), F.R.Civ.P., provides that a complaint must contain a short and plain statement of the grounds for the court's jurisdiction; a short and plain statement showing that the pleader is entitled to relief; and a demand for the relief sought. The amended complaint does not comply with any of these procedural requirements. Thus, it is merely a brief narrative in which she vaguely accuses an attorney of misconduct.

In particular, the plaintiff was advised that her original complaint failed to contain allegations that this court has jurisdiction over her claims. Specifically, she appeared to allege state-law claims and did not include in her complaint allegations which establish diversity jurisdiction. See Smith v. GTE Corp., 236 F.3d 1292, 1229 (noting the federal court's limited congressional

grant of jurisdiction). See Rule 8(a)(1), F.R.Civ.P. The plaintiff makes no attempt in her amended complaint to rectify this deficiency. Thus, the amended complaint also appears to allege state law claims and lacks any basis for diversity jurisdiction. See 28 U.S.C. § 1332(a)(1)(diversity jurisdiction is established when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."). The plaintiff has also failed to include allegations that show that she is entitled to relief under any legal theory.

In sum, even construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiff has failed to show that this court has jurisdiction over her claims. Accordingly, the complaint should be dismissed. See 28 U.S.C. 1915(e)(2)(B)(ii). Furthermore, since this is the plaintiff's second opportunity to assert her claims, and the amended complaint does not show that she made any attempt to address these deficiencies, I recommend that the amended complaint (Doc. 6) be dismissed with prejudice.

Respectfully submitted,

THOMAS G. WILSON
DATED: AUGUST 8, 2013    UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).